# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In Re:**

                                           **Chapter 7**

**Mitchell Lewis Dvorak and Tara Rae Dvorak,**

                                           **Bankruptcy No. 18-33161**

        **Debtors.**

---

**James L. Snyder, United States Trustee,**

        **Plaintiff,**                                        Adv. No. _____

                                           **COMPLAINT FOR**
                                           **DENIAL OF DISCHARGE**

**Mitchell Lewis Dvorak and Tara Rae Dvorak,**

        **Defendants.**

---

      Plaintiff, James L. Snyder, United States Trustee, for his complaint against Mitchell Lewis Dvorak and Tara Rae Dvorak, the defendants, states and alleges as follows:

1.     James L. Snyder is the Acting United States Trustee for Region 12, which covers the Federal Judicial Districts of Iowa (Northern & Southern Districts), Minnesota, North Dakota, and South Dakota. The United States Trustee has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 727(c)(1).

2.     The Dvoraks are residents of the State of Minnesota and filed their petition for relief under chapter 7 of the Bankruptcy Code on October 11, 2018. The case is currently pending in the United States Bankruptcy Court for the District of Minnesota. Randall Seaver was appointed chapter 7 trustee. Mr. Seaver conducted the meeting of creditors on November 16, 2018.

3.     This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order denying the

Dvoraks' discharge in this case pursuant to 11 U.S.C. §727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5. The United States Trustee consents to an entry of final judgment by the bankruptcy court in this matter.

### Pre-Bankruptcy Background

6. Prior to the Dvoraks' bankruptcy filing, the Dvoraks owned a variety of companies, including Dvorak Trucking, LLC ("Dvorak Trucking") and Dvorak Trucking MN, LLC ("Dvorak Trucking MN"). Dvorak Trucking operated between July of 2011 and August of 2017, and Dvorak Trucking MN operated between 2016 and 2017. In November of 2017, Mr. Dvorak accepted an offer from All State Peterbilt Group ("Peterbilt") for employment as a salesman. Ms. Dvorak was, and continues to be, employed at the Mayo Clinic.

7. On information and belief, Dvorak Trucking borrowed in excess of $2.6 million from Home Trust & Savings Bank ("Home Trust") between April 4, 2016 and March 8, 2017. The Dvoraks personally guaranteed each of the loans.

8. In May of 2016, the Dvoraks purchased their current homestead in Rochester, Minnesota for $429,900.00. After the purchase of the Rochester home, the Dvoraks spent over $160,000.00 on improvements to the Rochester home. The Dvoraks made the improvements between November of 2016 and May of 2017.

9. In February of 2017, Mr. Dvorak purportedly sold a 1979 Corvette for $500.00 to Dan Degner. Mr. Dvorak does not have any documents to evidence the sale other than a bill of sale.

10.     On information and belief, the Dvoraks provided Home Trust with a personal financial statement on March 8, 2017. The financial statement lists, among other assets, the following: (1) 1979 Corvette, valued at $6,000.00; (2) 2015 Dodge Challenger, valued at $64,000.00 and encumbered in the amount of $37,428.00; (3) 2013 GMC Denali, valued at $45,000.00; (4) 2016 Honda CRV valued at $25,000.00 and encumbered in the amount of $23,600.00; and (5) a 2015 Hiniker Pickup snow plow valued at $5,500.00.

11.     On June 30, 2017, the Dvoraks purchased a 2017 Dodge Durango for $44,580.00. In connection with the purchase, they traded in the Honda CRV.

12.     On November 22, 2017, the Dvoraks purchased a 2018 GMC Yukon for $78,967.29. In connection with the purchase, they traded in the Durango and the Challenger. The car dealership assigned an aggregate value of $90,466.50 to the Durango and the Challenger. The total amount of encumbrances against the Durango and the Challenger was $65,575.23.

13.     On November 30, 2017, the Dvoraks paid Dunlap & Seeger, P.A. $2,602.40 to engage Dunlap & Seeger as their bankruptcy attorneys.

14.     Home Trust commenced suit against the Dvoraks on July 2, 2018, and it obtained judgments in Iowa state court against the Dvoraks in the amounts of $1,596,254.07 and $191,831.13 on September 13, 2018.

15.     On November 27, 2017, Mr. Dvorak wrote a $14,000.00 check to Peterbilt to pay outstanding debts owed by Dvorak Trucking to Peterbilt.

16.     The Dvoraks made the following payments to pay down the principal balance on their home mortgage: (1) July 17, 2018: $2,783.47; (2) August 1, 2018: $11,008.00; (3) September 13, 2018: $6,000; (4) October 3, 2018: $2,300.00.

17. On July 31, 2018, Mr. Dvorak paid Murphy, Coe & Smith, PLLC ("Murphy Coe") $9,601.15 to pay for the preparation of business income tax returns for entities owned and controlled by the Dvoraks. The transaction left a balance of $2,247.00 with Murphy Coe that remained property of the Dvoraks as of October 11, 2018.

18. On September 24, 2018, Mr. Dvorak paid the law firm of Henry, McManigal, Duffy, Stambaugh & Anderson, P.L.C. ("Henry McManigal") $950.00. Of that amount, Henry McManigal applied $549.24 to outstanding amounts owed by Mr. Dvorak to Henry McManigal on October 1, 2018. The transaction left a balance of $400.76 with Henry McManigal that remained property of Mr. Dvorak. On November 1, 2018, Mr. Dvorak used the balance of funds to pay attorney fees that he incurred between October 3, 2018 and October 29, 2018.

19. As of October 11, 2018, Peterbilt owed Mr. Dvorak $26,578.52 in unpaid commissions. On information and belief, Mr. Dvorak requested that Peterbilt not pay him the commissions until after he filed his bankruptcy petition. On November 16, 2018, Peterbilt paid Mr. Dvorak all of the outstanding commissions. As of that date, Peterbilt had paid Mr. Dvorak a total of $84,553.08 in 2018, including $31,476.21 in commissions, $692.31 in holiday pay, and $52,384.56 in regular pay.

20. Peterbilt owed Mr. Dvorak expense reimbursements totaling $1,618.75 for the month of October 2018. Of that amount, $626.80 was owed to Mr. Dvorak as of October 11, 2018. Mr. Dvorak received the expense reimbursement on October 22, 2018.

21. On October 11, 2018, Mr. Dvorak owned a First Alliance Credit Union Share Savings account with a balance of $100.17.

22. On October 11, 2018, the Dvoraks were in possession of the following checks: (1) Check

4

in the amount of $2,300.00, issued by Olmstead County to the Dvoraks on July 19, 2018; (2) Check in the amount of $1,321.50, issued by W.D. Larson Companies Ltd, Inc. ("Larson") to Mr. Dvorak on August 3, 2018; (3) Check in the amount of $1,481.84, issued by Larson to Mr. Dvorak on September 26, 2018; (4) Check in the amount of $1,325.70, issued by Larson to Mr. Dvorak on October 5, 2018. On October 22, 2018, Mr. Dvorak opened a checking account at First Alliance Credit Union and deposited the checks and $740.00 in cash into the checking account.

23.     On October 11, 2018, Mr. Dvorak was in possession of "junk steel." Mr. Dvorak sold the assets for $142.20 on October 27, 2018.

## Fraudulent Bankruptcy Filing

24.     On October 11, 2018, the Dvoraks filed their chapter 7 bankruptcy petition, schedules, and statement of financial affairs.

25.     On schedule A/B, the Dvoraks failed to disclose the commissions due and owing to Mr. Dvorak.

26.     On schedule A/B, the Mr. Dvorak failed to disclose his First Alliance Credit Union share savings account with an account balance of $100.17.

27.     On schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

28.     On schedule A/B, Mr. Dvorak failed to disclose the $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

29.     On schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

5

30. On schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

31. On schedule A/B, the Dvoraks failed to disclose expense reimbursements owed to them as of October 11, 2018.

32. On schedule A/B, the Dvoraks failed to disclose the 2015 Hiniker Pickup snow plow.

33. On schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

34. On schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

35. On schedule A/B, the Dvoraks failed to disclose "junk steel" that they liquidated for $142.20 on October 27, 2018.

36. On schedule I, Mr. Dvorak disclosed gross monthly income of $5,235.00. In fact, Mr. Dvorak's average gross monthly income in 2018 was over $7,000.00 per month.

37. On the statement of financial affairs, the Dvoraks failed to disclose any of the payments that they made to improve their homestead in the two years prior to their bankruptcy filing.

38. On the statement of financial affairs, the Dvoraks failed to disclose the sale of the 1979 Corvette to Dan Degner.

39. On the statement of financial affairs, the Dvoraks failed to disclose the trade of the 2016 Honda CRV, the 2017 Dodge Durango, and the 2015 Dodge Challenger.

40. On the statement of financial affairs, the Dvoraks failed to disclose the November 27, 2017 payment of $14,000.00 to Peterbilt.

41. On the statement of financial affairs, the Dvoraks disclosed pre-petition payments to

Murphy Coe, but claimed that the transaction was "payment of bill for taxes preparation." The Dvoraks did not disclose that the payment was for preparation of tax returns for entities owned or controlled by the Dvoraks.

### False Oaths At Meeting Of Creditors

42. Mr. Seaver convened the meeting of creditors on November 16, 2018. At the meeting of creditors, the Dvoraks gave the following false testimony:

    a. That the information contained in the documents they filed with the bankruptcy court was true and correct;

    b. That they listed all of their assets in their schedules;

    c. That they did not transfer any property or an interest in property to anyone in the two years prior to their bankruptcy filing.

### Fraudulent Amended Schedules

43. The Dvoraks filed amended schedules A/B and C on March 25, 2019. The Dvoraks again failed to disclose the following:

    a. On amended schedule A/B, the Dvoraks failed to disclose the commissions due and owing to Mr. Dvorak.

    b. On amended schedule A/B, the Mr. Dvorak failed to disclose his First Alliance Credit Union share savings account with an account balance of $100.17.

    c. On amended schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

    d. On amended schedule A/B, Mr. Dvorak failed to disclose the $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

  e. On amended schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

  f. On amended schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

  g. On amended schedule A/B, the Dvoraks failed to disclose expense reimbursements owed to them as of October 11, 2018.

  h. On amended schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

  i. On amended schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

  j. On amended schedule A/B, the Dvoraks failed to disclose "junk steel" that they liquidated for $142.20 on October 27, 2018.

44. The Dvoraks filed a second set of amended schedules A/B on April 11, 2019. The Dvoraks again failed to disclose the following:

  a. On second amended schedule A/B, the Mr. Dvorak failed to disclose his First Alliance Credit Union share savings account with an account balance of $100.17.

  b. On second amended schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

  c. On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

  d. On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

8

  e. On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

  f. On second amended schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

  g. On second amended schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

### **Concealment and Falsification of Records**

45. On March 27, 2019, Mr. Seaver inquired of the Dvoraks' bankruptcy attorney, Paul Bucher, as to the source of the funds that made up the $7,169.04 opening deposit into Mr. Dvorak's First Alliance Credit Union checking account on October 22, 2018. On April 3, 2019, Mr. Bucher responded with a letter to Mr. Seaver. In the letter, Mr. Bucher wrote that the deposit was "a combination of a reimbursement check from Mr. Dvorak's employer in the amount of $2,169.04 (Bate-stamp number 10554), and $5,000 in cash received from Dan Degner." Mr. Bucher also provided Mr. Seaver with a document entitled "Expense Report Detail." The document purported to show an expense reimbursement request in the amount of $2,169.04 made by Mr. Dvorak to Peterbilt. In fact, the $7,169.04 opening deposit into Mr. Dvorak's First Alliance Credit Union checking account on October 22, 2018 consisted of $740.00 in cash and the following checks: (1) Check in the amount of $2,300.00, issued by Olmstead County to the Dvoraks on July 19, 2018; (2) Check in the amount of $1,321.50, issued by Larson to Mr. Dvorak on August 3, 2018; (3) Check in the amount of $1,481.84, issued by Larson to Mr. Dvorak on September 26, 2018; (4) Check in the amount of $1,325.70, issued by Larson to Mr. Dvorak on October 5, 2018.

COUNT I
**TRANSFER OF PROPERTY OF THE DEBTORS WITH INTENT TO HINDER, DELAY, OR DEFRAUD A CREDITOR WITHIN ONE YEAR BEFORE THE DATE OF THE FILING OF THE PETITION**

46. The plaintiff re-alleges Paragraphs 1-45 as if fully set forth herein.

47. The Dvoraks filed a voluntary petition on October 11, 2018.

48. Between July 17, 2018 and October 3, 2018, the Dvoraks transferred $22,091.47 to ONB Bank to pay down their home mortgage. The Dvoraks transferred the money with the intent to hinder, delay, or defraud creditors within one year of the filing of their bankruptcy petition.

49. As a result of the Dvoraks' conduct, the plaintiff is entitled to an order denying the Dvoraks' discharge under 11 U.S.C. §727(a)(2)(A).

COUNT II
**CONCEALMENT OF PROPERTY OF THE ESTATE WITH INTENT TO HINDER, DELAY, OR DEFRAUD THE CHAPTER 7 TRUSTEE AFTER THE DATE OF THE FILING OF THE PETITION**

50. Plaintiff re-alleges Paragraphs 1-49 as if fully set forth herein.

51. The Dvoraks filed a voluntary petition on October 11, 2018.

52. The Dvoraks concealed the following property of the bankruptcy estate from Mr. Seaver after October 11, 2018:

   a. $26,578.52 in unpaid commissions owed by Peterbilt to Mr. Dvorak;

   b. 2015 Hiniker Pickup snow plow;

   c. $626.80 in expense reimbursements owed by Peterbilt to Mr. Dvorak;

   d. $2,247.00 in funds held by Murphy Coe.

   e. $400.76 in funds held by Henry McManigal;

   f. $142.20 in "junk steel" sold by the Dvoraks on October 27, 2018.

    g.    First Alliance Credit Union share savings account with an account balance of $100.17.

    h.    $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

    i.    $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

    j.    $1,325.70 check issued by Larson to Mr. Dvorak on August 3, 2018.

    k.    $1,481.84 check issued by Larson to Mr. Dvorak on August 3, 2018.

The Dvoraks concealed the property of the estate with the intent to hinder, delay, or defraud Mr. Seaver.

53. As a result of the Dvoraks' conduct, the plaintiff is entitled to an order denying the Dvoraks' discharge under 11 U.S.C. § 727(a)(2)(B).

## COUNT III
## FAILURE TO KEEP OR PRESERVE ANY RECORDED INFORMATION FROM WHICH THE DEBTOR'S FINANCIAL CONDITION OR BUSINESS TRANSACTIONS MIGHT BE ASCERTAINED

54. Plaintiff re-alleges Paragraphs 1-53 as if fully set forth herein.

55. The Dvoraks failed to keep or preserve recorded information from which their financial condition and business transactions might be ascertained. Specifically, the Dvoraks did not keep a record of the title transfer for the 1979 Corvette. The Dvoraks' failure to keep or preserve the recorded information is not justified under all of the circumstances of this case.

56. As a result of the Dvoraks' conduct, the plaintiff is entitled to an order denying the Dvoraks' discharge under 11 U.S.C. §727(a)(3).

## COUNT IV
## CONCEALMENT AND FALSIFICATION OF RECORDED INFORMATION FROM WHICH THE DEBTOR'S FINANCIAL CONDITION OR BUSINESS TRANSACTIONS MIGHT BE

ASCERTAINED

57. Plaintiff re-alleges Paragraphs 1-56 as if fully set forth herein.

58. The Dvoraks concealed recorded information regarding the source of the funds that made up the $7,169.04 opening deposit into Mr. Dvorak's First Alliance Credit Union checking account on October 22, 2018.

59. On April 3, 2019, the Dvoraks, via their bankruptcy attorney Paul Bucher, provided a falsified document entitled "Expense Report Detail" to Mr. Seaver.

60. As a result of the Dvoraks' conduct, the plaintiff is entitled to an order denying the Dvoraks' discharge under 11 U.S.C. §727(a)(3).

## COUNT V
## FALSE OATHS IN OR IN CONNECTION WITH THE CASE

61. Plaintiff re-alleges Paragraphs 1-60 as if fully set forth herein.

62. The Dvoraks knowingly and fraudulently made the following false oaths on their bankruptcy schedules:

    a. On schedule A/B, the Dvoraks failed to disclose the commissions due and owing to Mr. Dvorak.

    b. On schedule A/B, the Dvoraks failed to disclose expense reimbursements owed to them as of October 11, 2018.

    c. On schedule A/B, the Mr. Dvorak failed to disclose his First Alliance Credit Union share savings account with an account balance of $100.17.

    d. On schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

    e.    On schedule A/B, Mr. Dvorak failed to disclose the $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

    f.    On schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

    g.    On schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

    h.    On schedule A/B, the Dvoraks failed to disclose a 2015 Hiniker Pickup snow plow.

    i.    On schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

    j.    On schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

    k.    On schedule A/B, the Dvoraks failed to disclose "junk steel" that they liquidated for $142.20 on October 27, 2018.

    l.    On schedule I, Mr. Dvorak disclosed gross monthly income of $5,235.00.

63.    The Dvoraks knowingly and fraudulently made the following false oaths on their amended bankruptcy schedules, filed on March 25, 2019:

    a.    On amended schedule A/B, the Dvoraks failed to disclose the commissions due and owing to Mr. Dvorak.

    b.    On amended schedule A/B, the Dvoraks failed to disclose expense reimbursements owed to them as of October 11, 2018.

    c.    On amended schedule A/B, the Mr. Dvorak failed to disclose his First Alliance

Credit Union share savings account with an account balance of $100.17.

    d.    On amended schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

    e.    On amended schedule A/B, Mr. Dvorak failed to disclose the $1,321.50 check issued by Larson to Mr. Dvorak on August 3, 2018.

    f.    On amended schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

    g.    On amended schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

    h.    On amended schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

    i.    On amended schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

    j.    On amended schedule A/B, the Dvoraks failed to disclose "junk steel" that they liquidated for $142.20 on October 27, 2018.

64.    The Dvoraks knowingly and fraudulently made the following false oaths on their second amended bankruptcy schedules, filed on April 11, 2019:

    a.    On second amended schedule A/B, the Mr. Dvorak failed to disclose his First Alliance Credit Union share savings account with an account balance of $100.17.

    b.    On second amended schedule A/B, the Dvoraks failed to disclose the $2,300.00 check issued by Olmstead County to the Dvoraks on July 19, 2018.

    c.    On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,321.50

check issued by Larson to Mr. Dvorak on August 3, 2018.

    d.    On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,325.70 check issued by Larson to Mr. Dvorak on September 26, 2018.

    e.    On second amended schedule A/B, Mr. Dvorak failed to disclose the $1,481.84 check issued by Larson to Mr. Dvorak on October 5, 2018.

    f.    On second amended schedule A/B, the Dvoraks failed to disclose the $2,247.00 in funds held by Murphy Coe.

    g.    On second amended schedule A/B, the Dvoraks failed to disclose the $400.76 in funds held by Henry McManigal.

65.    The Dvoraks knowingly and fraudulently made the following false oaths on their statement of financial affairs:

    a.    The Dvoraks failed to disclose any of the payments that they made to improve their homestead in the two years prior to their bankruptcy filing.

    b.    The Dvoraks failed to disclose the sale of the 1979 Corvette to Dan Degner.

    c.    The Dvoraks failed to disclose the trade of the 2016 Honda CRV, the 2017 Dodge Durango, and the 2015 Dodge Challenger.

    d.    The Dvoraks failed to disclose the November 27, 2017 payment of $14,000.00 to Peterbilt.

    e.    The Dvoraks disclosed pre-petition payments to Murphy Coe, but claimed that the transaction was "payment of bill for taxes preparation".

66.    The Dvoraks knowingly and fraudulently made the following false oaths at her meeting of creditors:

    a.    That the information contained in the documents they filed with the bankruptcy court was true and correct;

    b.    That they listed all of their assets in their schedules;

    c.    That they did not transfer any property or an interest in property to anyone in the two years prior to their bankruptcy filing.

67.    The Dvoraks' false oaths set forth above were material omissions or misrepresentations regarding their property and property of the estate.

68.    As a result of the Dvoraks' false oaths, the plaintiff is entitled to an order denying the Dvoraks' discharge under 11 U.S.C. § 727(a)(4)(A).

    WHEREFORE, the Plaintiff requests that this Court enter an order and judgment denying the Dvoraks' discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A), together with such other and further relief as the Court deems just and equitable.

Dated: April 24, 2019
        JAMES L. SNYDER
        ACTING UNITED STATES TRUSTEE
        REGION 12

        BY:    /e/ Colin Kreuziger
              Colin Kreuziger
              Trial Attorney
              Office of U.S. Trustee
              1015 U.S. Courthouse
              300 South Fourth Street
              Minneapolis, MN 55415
              TELE: (612) 334-1350
              FAX:  (612) 335-4032
              MN Atty. No. 0386834

**VERIFICATION**

      I, Colin Kreuziger, a trial attorney for the United States Trustee, the Plaintiff herein, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on April 24, 2019

                                                                /e/ Colin Kreuziger
                                                                Colin Kreuziger
                                                                Trial Attorney
                                                                MN Atty No. 0386834
                                                                Office of U.S. Trustee
                                                                1015 U.S. Courthouse
                                                                300 South Fourth Street
                                                                Minneapolis, MN 55415
                                                                TELE: (612) 334-1350